NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
ARNOLD TRANSPORTATION                   :
SERVICES, INC.,                         :
                                        :   Civil Action No. 14-4280 (FLW)(LHG)
            Plaintiff,                  :
                                        :            **OPINION**
      v.                                :
                                        :
FRAMAUR ASSOCIATES, LLC.                :
                                        :
            Defendant.                  :
_____  :

**WOLFSON**, **United States District Judge**:

      Plaintiff Arnold Transportation Services, Inc. ("Plaintiff") has filed a two-Count Complaint alleging (Count I) breach of contract and, in the alternative, (Count II) unjust enrichment. In the instant matter, Defendant Framaur Associates, LLC ("Defendant") moves to dismiss the unjust enrichment claim on the basis that the facts alleged in the complaint demonstrate the presence of an express contract. For the reasons that follow, the partial Motion to Dismiss is granted, and Count II of the Complaint is dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      The facts recounted here are based on the Complaint and exhibits attached to the Complaint, which are presumed to be true for the purpose of this Opinion.

      Plaintiff and Defendant entered into a contract in August 2012. Compl. at ¶ 7. The contract related to the shipment of MillerCoors beer from Virginia and North Carolina to New York and New Jersey. *Id.* at ¶ 8. The contract stated that Plaintiff would be compensated $1.40 per mile, plus reimbursement for fuel, with a minimum of 2,350 miles per tractor per week. *Id.* at

1

¶ 9; *see also* Ex. A. According to the Complaint, the price was increased to $1.70 per mile on March 30, 2014. Compl. at ¶ 10. The contract provided for "45 day payment terms." *Id.* at Ex. A. The contract began September 1, 2012, ended September 6, 2015, and contained a "90 day out clause" following the completion of the first year. *Id.* at ¶ 7, Ex. A.

According to the Complaint, Plaintiff successfully delivered shipments beginning in September 2012, which were invoiced to Defendant. *Id.* at ¶¶ 11–14. Plaintiff credited Defendant with $112,000, based on Defendant's review of the invoices. *Id.* at ¶ 16. However, Defendant consistently made payments beyond the 45-day term specified in the contract, taking between 90 and 120 days to make payments. *Id.* at ¶ 17. Plaintiff notified Defendant that the continuous breach of the payment term would result in Plaintiff ceasing to transport the MillerCoors products. *Id.* at ¶ 18. On June 23, 2014, Defendant allegedly informed Plaintiff that it would not make any further payments, with approximately $1.4 million outstanding. *Id.* at ¶ 19.

Plaintiff filed the two-Count Complaint on July 8, 2014. On August 18, 2014, Defendant filed the present Motion, asking for dismissal of Count II, unjust enrichment. Defendant filed an Answer and Counterclaim on February 17, 2015.

**II. STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief,

2

they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief. *Id.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 U.S. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim . . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal

3

conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III. DISCUSSION**

Defendant argues, straightforwardly, that the claim for unjust enrichment must be dismissed because the Complaint alleges that Plaintiff performed services pursuant to an express contract. Def. Br. at 2. On the other hand, Plaintiff argues that it is permissible to allege a claim for unjust enrichment in the alternative if there are questions of fact with respect to the scope or validity of the contract. Pl. Br. at 3. Plaintiff states that Defendant "has not yet taken a position as to whether all or only a subset of the shipments are covered by a contract or stated the nature of his supposed counterclaim." *Id.*

An unjust enrichment claim must show "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). While unjust enrichment permits recovery under a quasi-contract theory of liability, this a quasi-contract "cannot exist where there is an enforceable agreement between the parties." *MK Strategies, LLC. v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 733–34 (D.N.J. 2008). On the other hand, "the mere existence of a written contract between the parties does not bar an unjust enrichment claim; if the written document is unenforceable, the plaintiff may have an unjust enrichment claim." *In re Prudential Ins. Co.*, 975 F. Supp. 584, 622 (D.N.J. 1996). However, the plaintiff is still required to show that "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the

4

failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp.*, 641 A.2d at 55.

Plaintiff has alleged the existence of an express contract governing the duties of both parties in this case. While Plaintiff expected remuneration from Defendant for the shipments it performed, this expectation was clearly based on the express contractual agreement. Indeed, the Complaint does not allege any basis upon which the contract might be found unenforceable, and Plaintiff has not pled any facts supporting a quasi-contractual relationship between the parties. Rather, any benefit conferred on Defendant, according to the Complaint, was pursuant to Defendant's contractual rights, and Defendant's alleged failure to pay Plaintiff is likewise a breach of a contractual duty. While Plaintiff attempts to reframe the facts in Count II to make out a cause of action for unjust enrichment, Plaintiff has not alleged that the failure of Defendant to provide remuneration went beyond the contractual rights of the parties. *See VRG Corp.* 641 A. 2d at 55. Here, the existence of a contract which governs the shipments at issue bars the claim for unjust enrichment.[1]

Thus, Count II, unjust enrichment, is dismissed.


**IV. CONCLUSION**

For the reasons expressed above, Defendant's motion to dismiss Count II, unjust enrichment, is granted, and Count II is dismissed. An appropriate Order shall follow.


Date:   March 11, 2015                                          /s/ Freda L. Wolfson__
                                                                Freda L. Wolfson, U.S.D.J.

---

[1] Indeed, Defendant states that "[t]here is no allegation in this case that the contract was entered into through fraud and there is no request that the Court not enforce the contract." Def. Repl. at 2. Further Defendant claims it "has never asserted in any communications with Arnold that the contract is not valid." *Id.* If Defendant later asserts that the contract is unenforceable, or such evidence arises during discovery, Plaintiff may move to amend the Complaint to include the claim.